**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Helen Crawley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 CV 05805 |
| ) | |
| Marriott Hotels, Inc., a Delaware Corporation, ) | |
| Marriott Vacations Club International, Marriott ) | |
| Ownership Resorts, Inc., Sodexho Administration ) | |
| Corp., Marriott International, Inc., a foreign ) | |
| corporation, d/b/a Marriott's Aruba Ocean Club, ) | |
| d/b/a Aruba Marriott Resort, d/b/a Aruba Marriott ) | |
| Resort & Stellaris Casino, Marriott Vacation Club ) | |
| International of Aruba N.V. Inc., Marvin and Sharla ) | |
| Kelly individually, and as owners and operators of ) | |
| ABC Tours & Attractions, Inc. by and through its ) | |
| agents and/or employees, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Plaintiff, Helen Crawley, claims that defendants Marriott Hotels, Inc., a Delaware Corporation, Marriott Vacation Club International Inc., Marriott Ownership Resorts, Inc., Sodexho Administration Corp., Marriott International, Inc., a foreign corporation, d/b/a Marriott's Aruba Ocean Club, d/b/a Aruba Marriott Resort & d/b/a Aruba Marriott Resort & Stellaris Casino, Marriott Vacation Club International of Aruba N.V., Inc., Marvin and Sharla Kelly individually, and as owners and operators of ABC Tours & Attractions, Inc., and ABC Tours & Attractions, Inc. ("defendants") negligently recommended ABC Tours without investigating, and failed to warn Plaintiff of known risks associated with certain tours and tour operators leading to a near drowning

incident. (Compl. ¶¶ 4, 5). Presently before us is Marriott Hotels, Inc., Marriott Vacation Club International, Marriott Ownership Resorts, Inc., Marriott International Inc., motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) or in the alternative, pursuant to the doctrine of *forum non conveniens*. Defendants Sodexho, Inc. (incorrectly sued as Sodexho Administration Corp.) (hereinafter "Sodexho"), Marvin and Sharla Kelly, individually and as owners and operators of ABC Tours & Attractions, Inc., and ABC Tours & Attractions, Inc. (hereinafter "ABC Tours") join Marriott's motion. For the following reasons we grant the motion and dismiss the claims against all defendants for lack of personal jurisdiction.

## Background

Crawley purchased a time share with Marriott Vacation Club International. (Compl. ¶ 2.) For her purchase, she received 200,000 Marriott points and qualified for a "seven night stay including airfare at one of a number of Marriott properties." (Crawley Aff. ¶ 3.) Crawley booked a flight and hotel accommodations when she returned to her home in Chicago through a customer service representative of the Marriott Vacation Club. (*Id*. ¶ 4.) She stayed at the Aruba Marriott Resort & Stellaris Casino on September 2, 2003. (Crawley Aff. ¶ 4,6.)

While staying at the Aruba Marriott Resort & Stellaris Casino, the concierge recommended Crawley take a jeep island tour through ABC Tours. (Compl. ¶¶ 3, 4.) Crawley booked the tour through the concierge, charging the deposit to her hotel room. (Crawley Aff. ¶ 8.) While on this tour Crawley had a "near drowning incident causing her to sustain serious personal injuries" including permanent lung damage. (Compl. ¶ 5.) The accident resulted in a "prolonged hospitalization in Aruba and Chicago, Illinois." (*Id*. ¶ 5.)

Standard of Review

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), plaintiff bears the burden of showing a *prima facie* case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003); *see RAR, Inc. v. Turner Diesel, Ltd.,* 101 F.3d 1272, 1276 (7 th Cir. 1997). In determining whether we have personal jurisdiction over the defendant, we may receive and consider affidavits and other materials submitted by the parties. *See Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir. 1987), *superceded by statute on other grounds as stated in FMC Corp. v. Varonos,* 892 F.2d 1308, 1310 (7th Cir. 1990). For purposes of a motion to dismiss based on personal jurisdiction, we "accept all allegations of the complaint as true except those controverted by defendants' affidavits." *Northwestern Corp. v. Gabriel Mfg. Co.,* No. 96 C 2004, 1996 WL 73622, at *2 (N.D. Ill. Feb.6, 1996). Where the defendant submits an affidavit contesting personal jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the existence of jurisdiction." *Purdue,* 338 F.3d at 783. We resolve all factual disputes in the record in plaintiff's favor, but we may accept as true those facts presented in defendant's affidavit that remain uncontested. *Id.; RAR,* 107 F.3d at 1275.

Analysis

In a case based on diversity of citizenship, a federal court sitting in Illinois may exercise personal jurisdiction over a nonresident defendant only to the extent that an Illinois court could do so. *Klump v. Duffus,* 71 F.3d 1368, 1371 (7th Cir. 1995); *see Michael J. Neuman & Assoc., Ltd. v. Florabelle Flowers, Inc.,* 15 F.3d 721, 724 (7th Cir. 1994). Under Illinois law, we must determine that exercising jurisdiction over a nonresident party complies with the Illinois long-arm statute, the

Illinois Constitution, and federal constitutional due process requirements. *See Cent. States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 939 (7th Cir. 2000); *see also RAR,* 107 F.3d at 1276. The Illinois long-arm statute permits Illinois courts to exercise jurisdiction on any basis permitted by the state or federal Constitutions. 735 Ill. Comp. Stat. 5/2-209©; *Cent. States,* 230 F.3d at 940; *RAR,* 107 F.3d at 1276.

Under the Illinois Constitution, a court may exercise personal jurisdiction "only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood,* 141 Ill.2d 244, 275, N.E.2d 1302, 1316 (Ill. 1990).

The Due Process Clause of the Fourteenth Amendment permits an Illinois court to exercise jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945) (quotation omitted). To establish such minimum contacts, a defendant must "purposefully avail[ ] itself of the privilege of conducting activities within the forum State, thus invoking the protections and benefits of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240 (1958). As a consequence, the defendant "should reasonably anticipate being hailed into court" in the forum state. *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 716 (7th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183 (1985) (internal citations omitted)). Our assessment of minimum contacts turns on whether general or specific jurisdiction is at issue. *See RAR,* 107 F.3d at 1277.

*A. Specific Jurisdiction*

    1. Marriott Defendants

The exercise of specific jurisdiction over a non resident defendant is limited to claims arising from or related to the defendant's contacts with the forum. *Helicopteros,* 466 U.S. at 414 n.8. The Seventh Circuit explained that a court may only consider the dealings between the parties with respect to the claim at issue in assessing minimum contacts. *RAR,* 107 F.3d at 1278. Therefore, we only look to Marriott's contacts with Illinois relating to the allegations in the complaint. Plaintiff claims that "the cause of action arose out of Plaintiff's contacts with Marriott in Illinois." (Resp. at 6). However, her initial contact with Marriott representatives leading to the vacation was in Hilton Head, South Carolina. (*Id*.) The time share she purchased was in Myrtle Beach, South Carolina. (*Id*. at 7). Seemingly, the only contact that this case has with Illinois is the Plaintiff's residence. Crawley says that she booked her vacation and flight with a Marriott Customer Service Representative while in Chicago. (*Id*.). However, the tour that led to her injury was booked with the concierge at the hotel in Aruba. (*Id*.). The tour and subsequent injury occurred in Aruba. The Defendants' contacts with the forum did not lead to this claim. A mere phone conversation with a booking agent working in an unknown location is not enough to establish specific jurisdiction over Marriott.

    2. Other Defendants

Plaintiff never mentions Sodexho at all. Besides being a named defendant, the Plaintiff does not allege any contact concerning Sodexho and the purchase of the time share, booking the vacation, her trip to Aruba, or her accident during the stay. This court cannot establish specific jurisdiction over Sodexho because Plaintiff failed to allege any contacts between Illinois and

Sodexho.

The plaintiff also does not allege any contacts between ABC Tours or its owners Marvin and Sharla Kelly and the state of Illinois. The Kellys live in Aruba where their business is located and have no connections with the forum state. The Plaintiff's only contact with the ABC Tours and its owners arose during her stay in Aruba. She learned of the tour and booked it through the concierge at the hotel in Aruba. There are no grounds to establish specific jurisdiction over ABC Tours and Marvin and Sharla Kelly.

### B. General Jurisdiction

General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, (1984). Factors we may examine in determining whether general jurisdiction exists include: (1) the extent to which the defendant conducts business in Illinois; (2) whether the defendant maintains an office or employees in Illinois; (3) whether the defendant sends agents into Illinois to conduct business; (4) whether the defendant advertises or solicits business in Illinois; and (5) whether the defendant has designated an agent for service of process in Illinois. *See id.* Illinois courts insist that a defendant's continuous and systematic business contacts "continue up to the time of suit." *Asset Allocation & Mgmt. Co. v. W. Employers Ins. Co.,* 892 F.2d 566, 570 (7th Cir.1989).

1. Marriott Defendants

Plaintiff fails to meet the burden of establishing a *prima facie* case of personal jurisdiction over the Marriott Defendants. The complaint is silent as to whether or not Marriott has any business contacts with the state of Illinois. Crawley's affidavit is similarly silent as to

the business Marriott conducts in Illinois. She fails to allege that any of the factors listed above are met to justify hailing Marriott into court. In Crawley's response to the Defendants' motion to dismiss, she claims that the Defendants admitted that they are systematically doing business in Illinois. (Resp. at 4.) The Plaintiff relies on an affidavit submitted by the Defendants in which Jeff Stant, assistant Secretary for Marriott International, Inc., denies that the various Marriott defendants have business contacts with Illinois, but mentions some exceptions. (Stant Aff. ¶¶ 12-17). Plaintiff takes these exceptions to mean that Marriott is "systematically doing business in Illinois." (Resp. at 4.) We cannot accept this argument. For example, the statement, "With the exception of Marriott International, Inc., the defendants do not conduct any business in Illinois" does not lead this court to the conclusion that Marriott International, Inc. is conducting enough business to justify general personal jurisdiction. (*See* Stant Aff. ¶¶ 12-17.) The "continuous and systematic general business contacts" required under *Helicopteros* simply cannot be assumed from this evidence. 466 U.S. at 416. Plaintiff failed to satisfy her burden of showing that Marriott is conducting business in Illinois.

     2. Other Defendants

Again, Plaintiff's complaint and affidavit are silent concerning the extent of Sodexho, ABC Tours, or Marvin and Sharla Kelly's contacts with Illinois. The affidavit of Jeff Stant also does not mention these defendants. None of the evidence before this court demonstrates any contacts that any of these defendants has with the state of Illinois. Plaintiff has not carried her burden to show a *prima facie* case of personal jurisdiction over Sodexho, ABC Tours, or Marvin and Sharla Kelly.

the business Marriott conducts in Illinois. She fails to allege that any of the factors listed above are met to justify hailing Marriott into court. In Crawley's response to the Defendants' motion to dismiss, she claims that the Defendants admitted that they are systematically doing business in Illinois. (Resp. at 4.) The Plaintiff relies on an affidavit submitted by the Defendants in which Jeff Stant, assistant Secretary for Marriott International, Inc., denies that the various Marriott defendants have business contacts with Illinois, but mentions some exceptions. (Stant Aff. ¶¶ 12-17). Plaintiff takes these exceptions to mean that Marriott is "systematically doing business in Illinois." (Resp. at 4.) We cannot accept this argument. For example, the statement, "With the exception of Marriott International, Inc., the defendants do not conduct any business in Illinois" does not lead this court to the conclusion that Marriott International, Inc. is conducting enough business to justify general personal jurisdiction. (*See* Stant Aff. ¶¶ 12-17.) The "continuous and systematic general business contacts" required under *Helicopteros* simply cannot be assumed from this evidence. 466 U.S. at 416. Plaintiff failed to satisfy her burden of showing that Marriott is conducting business in Illinois.

    2. Other Defendants

Again, Plaintiff's complaint and affidavit are silent concerning the extent of Sodexho, ABC Tours, or Marvin and Sharla Kelly's contacts with Illinois. The affidavit of Jeff Stant also does not mention these defendants. None of the evidence before this court demonstrates any contacts that any of these defendants has with the state of Illinois. Plaintiff has not carried her burden to show a *prima facie* case of personal jurisdiction over Sodexho, ABC Tours, or Marvin and Sharla Kelly.

Conclusion

For the reasons described above, we dismiss the claims against Marriott Hotels, Inc., Marriott Vacation Club International Inc., Marriott Ownership Resorts, Inc., Marriott International, Inc., d/b/a Aruba Marriott Resort and d/b/a Aruba Marriott Resort and Stellaris Casino, Marriott Vacation Club International of Aruba N.V., Inc., Sodexho, Inc., ABC Tours & Attractions, Inc. and Marvin and Sharla Kelly without prejudice.[1]  It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: August 10, 2006

---

[1] Because we have decided the motion on other grounds, we need not discuss the claim to dismiss on *forum non conveniens*.